NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THEODORE GARLINGTON, | : | Civil Action No. 03-3925 (SRC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| TERRY MOORE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    THEODORE GARLINGTON, #502983B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner Pro Se

    MARK P. STALFORD, Assistant Prosecutor
    MONMOUTH COUNTY PROSECUTOR
    Monmouth County Court House
    Freehold, New Jersey  07728-1789
    Attorneys for Respondents

**CHESLER**, District Judge

    Theodore Garlington filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging three judgments of conviction, resulting from one indictment in the Superior Court of New Jersey, Monmouth County.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.

## I.  BACKGROUND

On November 30, 1988, a Monmouth County Grand Jury returned an indictment against Petitioner charging him with 27 crimes occurring between October 2, 1988, and October 15, 1988.  The indictment was severed, resulting in multiple trials and three convictions.  The first judgment of conviction which Petitioner challenges was filed on July 13, 1989, and amended on July 18, 1989, in the Superior Court of New Jersey, Monmouth County, after a jury found him guilty of aggravated assault, robbery, unlawful possession of a weapon and possession of a weapon for an unlawful purpose.  Superior Court Judge Laurence C. Stamelman sentenced Petitioner to an 18-year term, with a 7-year period of parole ineligibility, and a concurrent five-year term.  On April 18, 1990, the Law Division sentenced Petitioner to a 20-year term, with 10 years of parole ineligibility, and a concurrent five-year term, with a 2.5 year period of parole ineligibility, for aggravated assault, robbery, and terroristic threats.  On September 30, 1992, Superior Court Judge Theodore J. Labrecque, Jr., sentenced Petitioner to a 10-year term, with five years of parole ineligibility, and to a concurrent three-month term for robbery and simple assault.  These sentences were to run concurrent with the sentence Petitioner was serving.

Petitioner appealed each judgment of conviction.  The Superior Court of New Jersey, Appellate Division, affirmed the convictions and sentences in opinions filed October 4, 1991, June 11, 1993, and July 5, 1994.  The Supreme Court of New Jersey denied certification on January 16, 1992, September 10, 1993, and September 27, 1994.  On October 14, 1994, Petitioner filed a motion for reconsideration of sentence, which the Law Division denied on January 27, 1995.

Petitioner asserts that he filed a petition for post conviction relief in the Law Division in 1999.  (Petitioner's Mem. of Law at 6.)  According to the Answer, Petitioner filed his post conviction relief petition on September 21, 1999.  (Ans. at 5.)  On February 18, 2000, the Law Division of the Superior Court of New Jersey denied relief.  Petitioner filed a motion for reconsideration and the Law Division permitted Petitioner's attorney to file an amended petition for post conviction relief.  The Law Division denied the amended petition on September 29, 2000.  The Superior Court, Appellate Division, affirmed the order denying post-conviction relief February 6, 2003.  The Supreme Court of New Jersey denied certification on June 5, 2003.

On August 6, 2003, Petitioner executed the § 2254 Petition which is now before this Court.  The Clerk received it on August 18, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts two grounds, neither of which raises a right newly recognized by the United States Supreme Court:

> Ground One:  DEFENDANT WAS DENIED HIS CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> Ground Two:  PETITIONER WAS DENIED HIS RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE UNITED STATES CONSTITUTIONS, WHEREFORE THE WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

(Petitioner's Mem. of Law at 10, 13.)

Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred and on the merits.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

4

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petitions for certification on direct review by orders filed January 16, 1992, September 10, 1993, and September 27, 1994. Because Petitioner's convictions became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired on April 24, 1997. See Wilson v. Beard, __ F.3d __ 2005 WL 2559716, at *8 (3d Cir. Oct. 13, 2005). Because Petitioner did not file his state petition for post conviction relief until 1999, after the limitations period had expired, the limitations period was not statutorily tolled. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004) (where AEDPA's one-year period of limitation expired before petitioner filed his state PCR petition, that state PCR petition would not toll limitations period).

Petitioner has not argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling. The Court finds that the statute of limitations expired on April 24, 1997. Because Petitioner did not sign his § 2254 Petition until August 6, 2003, and because he was not entitled to statutory or equitable tolling for any of the period between April 24, 1996, and April 24, 1997, the Petition is barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1). Accordingly, the Court dismisses the Petition with prejudice as untimely.

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

s/<br>
STANLEY R. CHESLER, U.S.D.J.

DATED:  November 2, 2005